UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROBERTO PIZARRO-GALARZA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 3:20-cv-01335-JAW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER ON MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

A prisoner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The Government asks the Court to deny the motion because the prisoner filed the motion four years after the statute of limitations expired, and in any event, the prisoner is not entitled to relief. The Court concludes the Government's arguments are meritorious and denies the motion.

**I.    BACKGROUND**

   **A.    Conviction and Sentence[1]**

In September 2013, the Puerto Rico Court of General Justice, District Court, Fajardo, issued an arrest warrant for an individual known only as "Sapo" and/or "Macho" for possession with intent to distribute cocaine and marijuana. *Crim. Compl.*, Attach. 1, *Aff. in Supp. of a Crim. Compl.* at 2 (ECF No. 1). In February 2014, law enforcement agents received information that "Sapo" or "Macho" was residing in a certain small wooden shack in Culebra, Puerto Rico. *Id.* Inside the

---

[1]    Information pertaining to Mr. Pizarro-Galarza's conviction and sentence comes from the docket in his criminal case, *United States v. Pizarro-Galarza*, No. 3:14-cr-00128-CCC-1.

shack, the agents found a woman and Roberto Pizarro-Galarza; the agents recognized Mr. Pizarro-Galarza from a photograph of the individual known as Sapo or Macho. *Id.* The agents observed drug paraphernalia, ammunition, and a loaded sawed-off shotgun with an obliterated serial number. *Id.* at 2–3.

On February 19, 2014, a federal grand jury indicted Mr. Pizarro-Galarza and the woman found in the shack on four counts: (1) conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and (4) possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). *Indictment* (ECF No. 15). On March 6, 2015, Mr. Pizarro-Galarza pleaded guilty to counts two and three of the indictment, pursuant to a plea agreement. *Plea and Forfeiture Agreement* (ECF No. 63); *Min. Entry* (ECF No. 65); *Report and Recommendation Re: Rule 11 Proceedings* (ECF No. 66); *Order* (ECF No. 69). On June 18, 2015, the Court sentenced Mr. Pizarro-Galarza to thirty-three months imprisonment on count two and sixty months imprisonment on count three, to be served consecutively. *J.* at 2 (ECF No. 80). Mr. Pizarro-Galarza did not appeal.

**B.   Roberto Pizarro-Galarza's Motion Pursuant to 28 U.S.C. § 2255**[2]

On July 13, 2020, Mr. Pizarro-Galarza filed a motion to vacate, set aside, or correct his sentence. *Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct*

---

[2]   The docket entries cited here refer to Mr. Pizarro-Galarza's civil action for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, *Pizarro-Galarza v. United States*, No. 3:20-cv-01335-JAW.

*Sentence by a Person in Federal Custody* (ECF No. 1) (*Def.'s Mot.*); *id.*, Attach. 1, *Mem. in Supp. of Mot.* (*Def.'s Mem.*). Mr. Pizarro-Galarza argues that he is actually innocent of the firearm offense, *Def.'s Mot.* at 4; *Def.'s Mem.* at 2, 8, that the statute underlying the firearm conviction is unconstitutionally vague, *Def.'s Mot.* at 5-7; *Def.'s Mem.* at 3-8, that the Court miscalculated his guideline sentencing range, *Mem.* at 9, and that the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), retroactively reduced his applicable penalties. *Def.'s Mot.* at 8; *Def.'s Mem.* at 9-10. The Government responded on January 8, 2021. *United States' Resp. to Pet'r's Mot. to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255* (ECF No. 11) (*Gov't's Opp'n*). In its response, the Government asserts Mr. Pizarro-Galarza filed his motion after the expiration of the statute of limitations and even if timely-filed, his claims are procedurally barred and otherwise meritless. *Gov't's Opp'n* at 6–14.

II.  **DISCUSSION**

    A.  **Statute of Limitations**

A 1-year limitations period applies to federal prisoners' motions to vacate, set aside, or correct their sentences. 28 U.S.C. § 2255(f). The period begins to run at the latest of (1) the date on which the judgment of conviction becomes final, (2) the date on which a government impediment to filing a motion ceased, (3) the date on which a new retroactively applicable right was recognized by the Supreme Court, or (4) the date on which newly discovered evidence supporting the claim could have been discovered through the exercise of diligence. *Id.* When a motion contains multiple claims for relief, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

The Court entered Mr. Pizarro-Galarza's judgment of conviction on June 18, 2015. *J.* Because he did not file an appeal, the judgment became final after his fourteen-day window for filing an appeal expired on July 2, 2015. See FED. R. APP. P. 4(b)(1)(A); *Martinez-Serrano v. United States*, No. 11-cv-01077-JAF, 2012 WL 6016663 at *1, 2012 U.S. Dist. LEXIS 171941, at *3 (D.P.R. Nov. 30, 2012) ("All of the circuit courts that have answered th[e] question" of when an unappealed federal conviction becomes final, "to our knowledge, have held that such a conviction becomes final when the time for filing an appeal expires"). Unless one of the other subparagraphs of § 2255(f) applies to Mr. Pizarro-Galarza's claims, the limitation period for filing a section 2255 motion expired one year later, on July 2, 2016, more than four years before Mr. Pizarro-Galarza filed the motion. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period") (quotation omitted).

Mr. Pizarro-Galarza does not assert newly discovered evidence or a government impediment to filing, but he does allege a new retroactively applicable right recognized by the Supreme Court. Mr. Pizarro-Galarza was convicted under 18 U.S.C. § 924(c)(1)(A), which, among other things, criminalizes the possession of a firearm in furtherance of a "crime of violence" or a "drug trafficking crime." Section 924(c)(1)(A) is among several provisions providing enhanced penalties based on the terms "crime of violence" and "drug trafficking crime." In a series of cases in recent years, the Supreme Court struck down as unconstitutionally vague various similarly

4

phrased statutes including the phrase "crime of violence." *See United States v. Davis*, 139 S. Ct. 2319 (2019); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); *Johnson v. United States*, 576 U.S. 591 (2015);.

In support of his claim of retroactive applicability, Mr. Pizarro-Galarza cites the latest in that line of cases, *United States v. Davis*, which struck down as void for vagueness part of the statutory definition of the phrase "crime of violence" within § 924(c). *Def.'s Mem.* at 3-8; 139 S. Ct. at 2336; 18 U.S.C. § 924(c)(3)(B). Because the Supreme Court invalidated a statutory provision and therefore narrowed the scope of conduct and class of persons punished, *Davis* represents a new substantive rule that is retroactively applicable on postconviction review. *Cf. Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also*, *United States v. Oladimu*, No. 1:01-CR-10198-IT, 2020 U.S. Dist. LEXIS 77076, at *5 (D. Mass. May 1, 2020).

However, *Davis* did not address the definition of the phrase "drug trafficking crime" or any of the other phrases within § 924(c). Because Mr. Pizarro-Galarza was convicted of possessing a firearm in furtherance of a drug trafficking crime, not a crime of violence, he does not present a *Davis* claim and cannot rely on that case to calculate the limitations period. *See United States v. Duhart*, 803 F. App'x 267, 270 (11th Cir. 2020) (unpublished) (concluding *Davis* left "undisturbed § 924(c) convictions predicated on drug trafficking crimes"); *Velazquez-Malave v. United States*, No. 3:17-cv-01493-ADC, 2020 WL 3270731 at *6, 2020 U.S. Dist. LEXIS 106529, at *16–17 (D.P.R. June 16, 2020) (noting the *Johnson* line of cases was

inapplicable because conviction was "predicated on a drug trafficking crime, not a crime of violence'").

The statute of limitations for federal postconviction review "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner bears a substantial burden to establish an exception to the statutory rule by showing that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 39–40 (1st Cir. 2013) (unpublished). Mr. Pizarro-Galarza does not invoke the doctrine of equitable tolling and does not allege any facts to support a finding that it applies here.

The statute of limitations is also subject to an exception for prisoners who can show they are actually innocent of the crime. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To succeed, the petitioner must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Barreto-Barreto v. United States*, 551 F.3d 95, 102 (1st Cir. 2008) (quotation omitted).

Mr. Pizarro-Galarza does not present any newly discovered evidence bearing on the question of his guilt or innocence. Although he contends that he only admitted that he possessed a firearm and never admitted that the possession was "in furtherance of" the drug trafficking crime, his plea agreement shows that he did. *Plea and Forfeiture Agreement* at 2 ("Roberto Pizarro-Galarza, the defendant herein, did

knowingly possess a firearm . . . in furtherance of a drug trafficking offense for which he may be prosecuted. . ."); *see also*, *United States v. Broce*, 488 U.S. 563, 570 (1989) ("By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime"); *Miles v. United States*, No. 1:10-cr-00076-JAW, No. 1:13-cv-00382-JAW, 2014 WL 1404561, at *5, 2014 U.S. Dist. LEXIS 49810 at *12–14 (D. Me. Mar. 12, 2014) (rejecting similar actual innocence argument concerning the alleged lack of nexus between the gun found in defendant's residence and the drug conspiracy), *aff'd and adopted*, 2014 WL 140456, 2014 U.S. Dist. LEXIS 49529 (D. Me. Apr. 10, 2014).

Moreover, at the Rule 11 hearing on March 6, 2015, the Magistrate Judge expressly asked Mr. Pizarro-Galarza about whether he was voluntarily accepting the terms of the plea agreement with the Government and he acknowledged that he was. *United States v. Pizarro-Galarza*, No. 3:14-cr-00128-CCC, *Change of Plea Hr'g* at 19:4-14 (ECF No. 99). Mr. Pizarro-Galarza also acknowledged that he had consulted with his attorney about the terms of the plea agreement, that the plea agreement had been translated into Spanish for him, and that he signed the plea agreement. *Id.* at 31:21-33:18.

Furthermore, the Magistrate Judge explicitely recited the allegations in count three of the indictment, including the allegation that Mr. Pizarro-Galarza possessed a firearm in furtherance of a drug trafficking crime, and the Magistrate Judge specifically asked Mr. Pizarro-Galarza whether he admitted committing that offense.

*Id.* at 35:12-24. Mr. Pizarro-Galarza acknowledged that he was knowingly and voluntarily admitting that he committed this offense. *Id.* at 35:23-36:4.

Also, during the Rule 11, the Assistant United States Attorney described in detail the facts that the Government would prove if the matter were to go to trial and set forth a lengthy description of law enforcement's execution of the search warrant of a shack on the island of Culebra, where they found Mr. Pizarro-Galarza lying on a bed in the one-room building with crack cocaine positioned on the top of a microwave and a pump action sawed-off shotgun on a horizontal, support beam in the residence, accessible to someone preparing the drugs. *Id.* 42:14-45:3. Mr. Pizarro-Galarza expressly admitted these facts, which were also set forth in the plea agreement. *Id.* at 45:4-7.

The law holds a defendant to the representations that he makes to a court and here, contrary to his claims of actual innocence, Mr. Pizarro-Galarza actually admitted the truth of the Government's description of his crimes, including that he possessed a firearm in furtherance of his drug-trafficking crime. *See United States v. Parilla-Tirado*, 22 F.3d 368, 373 (1st Cir. 1994) ("It is the policy of the law to hold litigants to their assurances"); *Cain v. Tzovarras*, No. 1:20-cv-00070-JAW, 2021 U.S. Dist. LEXIS 8424, at *8 (D. Me. Jan. 15, 2021) ("Mr. Cain committed the crime of stalking, . . . Mr. Cain admitted that he was actually guilty of this crime, and . . . he is bound by the representations he made to the Court").

Mr. Pizarro-Galarza also argues that he is actually innocent because he asserts the "in furtherance of" phrase within § 924(c)(1)(A) is unconstitutionally vague. *Def.'s*

8

*Mem.* at 2.  The invalidation or narrowing interpretation of the statute of conviction can lead to the actual innocence of someone previously prosecuted under that statute. *See Bousley*, 523 U.S. at 623–24 (remanding for consideration of actual innocence in light of narrowed statutory interpretation of criminal statute); *see also*, *Welch*, 136 S. Ct. at 1267–68 (discussing *Bousley* in the context of invalidated statute).  Mr. Pizarro-Galarza's argument fails, however, because there has been no intervening authority undermining the relevant terms of his statute of conviction, and the existing caselaw rejects similar vagueness challenges.  *See United States v. Eller*, 670 F.3d 762, 764–65 (7th Cir. 2012) (declining vagueness challenge to the "'in furtherance of' nexus requirement and listing cases); *United States v. Helton*, 86 F. App'x 889, 891 (6th Cir. 2004) (unpublished) (finding section "924(c)'s use of 'in furtherance of' is neither unconstitutionally vague nor overbroad").

In sum, because Mr. Pizarro-Galarza does not present a claim based on a government impediment to filing, newly discovered evidence, or a new retroactive rule, the statute of limitations began to run when his conviction became final and therefore expired more than four years before he filed the motion, and because Mr. Pizarro-Galarza has not established that equitable tolling applies or that he was actually innocent of the crime, the statute of limitations bars his claims for relief.

**B.    First Step Act**

As an alternative ground for relief, Mr. Pizarro-Galarza asserts he is entitled to a sentencing reduction as a result of the First Step Act changes to the penalties for certain offenses involving cocaine base.  *Def.'s Mem.* at 9-10.  A § 2255 motion is not the proper vehicle for that claim, *Mercado-Irizarry v. United States*, No. 3:19-cv-

9

02160-PG, 2020 WL 3474141, at *2, 2020 U.S. Dist. LEXIS 111617, at *5 (D.P.R. June 24, 2020), but even if the Court construes his claim as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B), the relevant First Step Act provisions would not entitle Mr. Pizarro-Galarza to relief. The Fair Sentencing Act of 2010, Pub L. No. 111-220, 124 Stat. 2372 (2010), changed the minimum quantities and mandatory minimum sentences for certain cocaine base offenses, but the statutory changes applied only to new sentences after the law went into effect on August 3, 2010. Section 404 of the First Step Act made the Fair Sentencing Act changes apply retroactively to sentences imposed before August 3, 2010. *See United States v. Smith*, 954 F.3d 446, 446–48 (1st Cir. 2020) (explaining the statutory scheme); *see also, United States v. Pierre*, 372 F. Supp. 3d 17, 18-20 (D.R.I. 2019) (summarizing the history of the penalties for cocaine base). Because Mr. Pizarro-Galarza was sentenced in 2015, his term of imprisonment already accounted for the 2010 amendments to the penalties for distributing cocaine base.

Accordingly, Mr. Pizarro-Galarza is not entitled to relief under the First Step Act.

### III. CONCLUSION

The Court DENIES Roberto Pizarro-Galarza's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 1). The Court DENIES a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no

substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).  The Court determines that no further proceeding is necessary.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2021.